IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**SPRING SIDERS**                                                                       **PLAINTIFF**

**VS.**                                                          **No. 3:22-cv-614-DPJ-ASH**

**CITY OF BRANDON, MISSISSIPPI**                                     **DEFENDANT**

**THE CITY OF BRANDON'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**

Plaintiff Spring Siders' proposed amended complaint is too little too late. It comes after briefing on a preliminary injunction motion, a dispositive motion, Fifth Circuit briefing, and briefing on a Fifth Circuit petition for rehearing. Now, two and a half years after filing this lawsuit (and three and a half years after filing the companion lawsuit), Siders seeks to add new theories never before raised and which contradict earlier assertions. Her attempt to do so should be denied.

**BACKGROUND**

Siders' complaint was filed on October 19, 2022, over two and a half years ago. Doc. No. 1. At the same time, she moved for a preliminary injunction. Doc. No. 2. Defendant the City of Brandon responded to the preliminary injunction motion, and, shortly after, filed a dispositive motion. Doc. Nos. 9, 13. The City filed a motion for judgment on the pleadings on December 29, 2023. Doc. Nos. 23-24. The dispositive motion was fully briefed on November 29, 2022. Doc. No. 22. Proceedings were subsequently stayed. Text Only Order dated December 16, 2022.

The Court entered its order denying the motions on June 16, 2023. Doc. No. 26. Siders subsequently appealed the denial of the preliminary injunction. The Fifth Circuit issued its opinion affirming this Court's denial of the preliminary injunction on December 11, 2024. *Siders v. Brandon*, 123 F.4th 293 (5th Cir. Dec. 11, 2024). Siders then filed a petition for rehearing, which

was denied on February 26, 2025.  *Siders*, 130 F.4th 188 (5th Cir. Feb. 26, 2025).  This motion to amend was filed two months later, on April 22, 2025.  Doc. No. 43.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 15(a) governs the Court's discretion to allow amendments. Leave to amend is "by no means automatic," *Ashe v. Corely*, 992 F.2d 540, 542 (5th Cir. 1993), and it is "not a mechanical absolute."  *Freeman v. Cont'l Gin Co.*, 381 F.2d 459, 468 (5th Cir. 1967).  "[T]he circumstances and terms upon which leave is to be 'freely given' are committed to the informed, careful judgment and discretion of the trial judge as he superintends the development of a cause towards it ultimate disposition."  *Id.* (citation omitted).  Undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility are all factors to be considered when ruling on a motion to amend. *Ballard v. Devon Energy Prod. Co.*, 678 F.3d 360, 364 (5th Cir. 2012).  The relevant factors weigh in favor of denial here.

## ARGUMENT & AUTHORITIES

At least three factors weigh against granting Siders' motion to amend.

First is the undue delay.  As noted, this proposed amendment comes two and a half years after the complaint was filed and after multiple rounds of briefing.  Now, after the Fifth Circuit has made clear that her original claims cannot prevail, Siders attempts to add new legal and factual theories in an effort to keep the ship afloat.  But this is the kind of delay that the Fifth Circuit has held is "undue."

"[C]ourts have found 'undue delay' when a plaintiff knew the facts 'all along' but waited over a year after the first amended complaint to seek leave to amend raising those facts." *Nwachukwu v. U-Haul Co. of La.*, 2025 WL 721303, *4 (E.D. La. Mar. 6, 2025) (citing cases).

"Under such circumstances, plaintiff must show that the delay 'was due to oversight, inadvertence, or excusable neglect.'" *Id.* (quoting *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004)). There has obviously been significant delay here, and Siders cites no oversight, inadvertence, or excusable neglect.

Instead, Siders' argument is that there is no prejudice. That is obviously not the case. "Courts have found prejudice when the amendment is asserted after the close of discovery; after dispositive motions have been filed, briefed, or decided; or on the eve of or in the middle of trial." *Id.* (citing cases). Of course here, dispositive motions have been filed, briefed, decided, and taken up to the Fifth Circuit. And Siders' new claims would require the same again. The City would almost certainly be forced to file a new motion to dismiss Siders' late religious exercise claim, which would require an additional round of briefing, an order, and potentially an appeal. "[A]mendments that fundamentally alter the nature of the case or would force a party to re-urge the same arguments presented in previous dispositive emotions are considered prejudicial." *Id.* (citing *U.S. ex rel. Bias v. Tangipahoa Par. Sch. Bd.*, 816 F.3d 315, 328 (5th Cir. 2016).

Siders' religious freedom claim would do so. For example, her claim that the ordinance is not neutral and generally applicable would require re-cycling many of the same arguments on neutrality made in the initial briefing. She now also alleges that the passing of the ordinance and Brandon's application of it evinces a hostility to religion. But, Brandon has pointed out over and over again that there was no assertion or evidence that Brandon was hostile towards religion. *See* Doc. No. 10 at p.16, Doc. No. 14 at p.17; *Siders v. Brandon*, No. 23-60381, Doc. No. 23 at p.29 (5th Cir. filed Dec. 4, 2023); *id.* at Doc. No. 86 at p.1 (filed Jan. 16, 2025). She should not be able to now amend her complaint at this late stage to assert something that she has known was missing from the beginning.

3

Then there is bad faith or dilatory motive. It has been held that, "[w]hen a movant waits to the summary judgment stage to seek leave to amend to raise new claims based on facts known prior to suing, the court may properly deny leave to amend for bad faith or dilatory motive. The fact that a defendant has filed a motion for summary judgment is 'significant' because 'the value of summary judgment procedure . . . would be dissipated if a party were free to rely on one theory in an attempt to defeat [the motion], and then should that theory prove unsound, come back long thereafter and find on the basis of some other theory.'" *Nwachukwu*, 2025 WL 721303, at *5 (citing cases). Although this case has not formally reached the summary judgment stage, much evidence has already been produced, and dispositive motions have been filed and ruled on. More telling, though, is this Court's and the Fifth Circuit's holding that Siders is not likely to succeed on her claims. There is an argument that the Fifth Circuit's opinion should be dispositive on this case since it has ruled that Siders' preferred conduct is not prohibited by the ordinance. Nonetheless, as this Court recently noted during the case management conference, minimal discovery should be required. But now Siders wants to start anew on new legal and factual theories. The reasoning is clear: she attempts to use the concurrence and dissent to the denial of rehearing en banc as a roadmap. To do so is the kind of "obvious tactical maneuver to avoid dismissal" that has been found to properly deny a motion to amend. *Id.*

Finally, there is futility.

"[A] plaintiff may carry the burden of proving a free exercise violation in various ways, including by showing that a government entity has burdened his sincere religious practice pursuant to a policy that is not 'neutral' or 'generally applicable.'" *Kennedy v. Bremerton Sch. Dist.*, 597 U.S. 507, 525 (2021). "A government policy will not qualify as neutral if it is 'specifically directed at religious practice.' A policy can fail this test if it 'discriminates on its face,' or if a religious

exercise is otherwise its object.'" *Id.* at 526 (quoting *Employment Div., Dept. of Human Resources of Ore. v. Smith*, 494 U.S. 872, 878 (1990); *Church of Lukumi Babalu Aye, Inc. v. Hialeah*, 508 U.S. 520, 533 (1993)). In other words, "[g]overnment fails to act neutrally when it proceeds in a manner intolerant of religious beliefs or restricts practices because of their religious nature." *Fulton v. City of Philadelphia, Penn.*, 593 U.S. 522, 533 (2021) (citing *Masterpiece Caskeshop, Ltd. v. Colorado Civil Rights Comm'n*, 138 S. Ct. 1719, 1730-32 (2018); *Lukumi*, 508 U.S. at 533). "A government policy will fail the general applicability requirement if it 'prohibits religious conduct while permitting secular conduct that undermines the government's asserted interests in a similar way,' or if it provides 'a mechanism for individualized exemptions.'" *Id.* (quoting *Fulton*, 593 U.S. at 534).

Siders' suggests that Brandon's ordinance fails both tests, but she fails to meet her burden. To begin, Siders does not argue the ordinance is facially discriminatory to religion. She cannot because it is not. Instead, she asserts mere legal conclusions regarding hostility toward religion or her exercise of religion, without any factual basis. Legal conclusions, of course, cannot defeat a motion to dismiss, *Jordan v. Flexton*, 729 F. App'x 282, 284 (5th Cir. 2018), but, again, giving all the briefing and evidence already in the record, her failure to cite to facts is telling. Brandon's historic friendliness to religion has been pointed out numerous times, yet Siders has failed to contradict this assertion even once. Siders has not come close to her burden of showing that Brandon has exhibited any hostility to religion. *See also* Doc. No. 9-1 (board minutes showing that the ordinance was passed for the safety of the general traveling public and event attendees).

Nor has she shown that the ordinance is not generally applicable. Her assertions on this claim are sparse: that the ordinance gives officers discretion to determine the conduct that falls under its purview. But mere discretion does not make a generally applicable law not generally

5

applicable, for officers always have discretion in enforcing any law. What makes a law not generally applicable is allowing secular conduct while prohibiting religious conduct or giving individualized exemptions. Brandon's ordinance does neither. By its text, it regulates all "public protests and/or demonstrations, regardless of the content and/or expression thereof." Doc. No. 9-1. It regulates protests against a certain musical act to the same degree it regulates religious protests or demonstrations. To be sure, Siders has not pointed to any occasion where any non-religious protest or demonstration was allowed, nor has she pointed to any exemptions allowed by the City. And, in fact, were the City to allow Siders to stage a religious protest or demonstration because of her religious beliefs, it would run afoul of the Free Speech Clause, as it would show a preference to religious speech over other types of speech, and potentially the Establishment Clause as well.

Perhaps more important, Siders has not shown the ordinance places any burden on her religious exercise. To start is the obvious. It applies to a limited area during a limited period of time. Siders is free to protest or demonstrate in any part of the City at any time, except that, right before or after a concert, she cannot protest or demonstrate in a limited area around the Amphitheater except in the protest area.

But consider Siders' conduct that she alleges she would like to engage in: sharing her faith through literature, conversation, prayer, banners, and signs in public places. Doc. No. 43-1 at ¶123. She also claims she wants to wear expressive clothing. Literature, conversation, prayer, and expressive clothing are not prohibited by the ordinance. *See* Doc. No. 9-1; *see also Siders v. Brandon*, 130 F.4th 188, 191 (5th Cir. Feb. 26, 2025) (Oldham, J., concurring) ("[T]he ordinance does not purport to regulate prayer, conversation, t-shirts, evangelism, or tracts. It thus appears that Siders can evangelize inside the Protest Area, outside the Protest Area, or anywhere else she

6

pleases. . . . In the meantime, she remains free to do what she says she wants to do—to 'have a conversation,' to pray, and to evangelize—anywhere and without restriction."). As to signs and banners, they are allowed in the Protest Area, subject to limited restrictions, or outside the restricted area. Given that she is free to evangelize, her religious exercise rights have not been burdened.

To conclude, the ordinance is generally applicable and neutral. The Fifth Circuit has already held Siders is unlikely to succeed on the merits of her free speech claim. And, since the Free Exercise and Free Speech Clauses "work in tandem" and "provide overlapping protection," Siders' free exercise claim will also fail. *See Kennedy*, 597 U.S. at 523.

## CONCLUSION

Siders' proposed amended complaint should be denied due to undue delay, undue prejudice, bad faith and/or dilatory motive, and futility.

Dated: May 6, 2025.

Respectfully submitted,

**PHELPS DUNBAR, LLP**


BY: */s/Mallory K. Bland*
    G. Todd Butler, MB #102907
    Mallory K. Bland, MB # 105665
    4270 I-55 North
    Jackson, Mississippi  39211-6391
    P. O. Box 16114
    Jackson, Mississippi 39236-6114
    Telephone: (601) 352-2300
    Telecopier: (601) 360-9777

**ATTORNEYS FOR THE CITY OF BRANDON**

**CERTIFICATE OF SERVICE**

I certify that this document has been filed with the Clerk of Court, using the Court's ECF system, which provides service to all counsel listed on the docket in this case as of the date below.

Dated: May 6, 2025.

                                              */s/ Mallory K. Bland*
                                              Mallory K. Bland