UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

SPRING SIDERS,

    Plaintiff,

vs.

CITY OF BRANDON, MISSISSIPPI,

    Defendant.

CIVIL ACTION NO:
3:22-CV-00614-DPJ-ASH

**PLAINTIFF'S UNOPPOSED MOTION TO EXTEND DEADLINES AND STAY CASE**

COMES NOW Plaintiff Spring Siders ("Siders") and respectfully asks this Court to extend all deadlines and stay this case pending a decision in *Olivier v. City of Brandon*, a like matter presently before the United States Supreme Court.

1. This case concerns Siders' civil rights action against the City of Brandon, Mississippi ("Brandon"), challenging the constitutionality of the application of Brandon Code of Ordinance § 50-45 "Designating a protest area and related provisions regarding public protests/demonstrations during events at the Brandon Amphitheater" ("§ 50-45") to her religious speech and exercise, prohibiting her from having conversations, handing out literature, or holding signs about her religious beliefs in public spaces of a city park outside of the Brandon amphitheater, forcing her to go to a "protest" zone where the remote space and speech limitations imposed therein deprive her of a meaningful opportunity to evangelize. (Pl.'s Compl. [Siders' Compl.] ¶¶ 1–2, ECF No. 1).

2. Siders' case is similar and related to another matter the Supreme Court of the United States recently decided to review, *Olivier v. City of Brandon*, 2023 WL 5500223 (5th Cir. 2023), *cert. granted*, 2025 WL 1829163 (U.S. July 3, 2025) (No. 24-993) ("*Olivier*").

3. Siders was with the plaintiff in *Olivier*, Gabe Olivier ("Olivier"), on May 1, 2021, when Brandon police officers applied § 50-45 to religious speech on public ways. (Siders' Compl. ¶¶ 31–33, 83, 88). Her legal claims arose from Brandon's enforcement of the same ordinance that it applied to Olivier that day. (Siders' Compl. ¶¶ 92–93).

4. Seeking relief, Olivier filed a complaint against Brandon in the United States District Court for the Southern District of Mississippi (Northern Division) on October 6, 2021, alleging constitutional violations regarding the law and its application to his religious and pro-life speech, including his preaching and use of amplification. (Pl.'s Compl., *Olivier v. City of Brandon*, No. 3:21-cv-00636-HTW-LGI (S.D. Miss. Oct. 6, 2021), ECF No. 1).

5. Subsequently, Siders sought to join the cause of action brought by Olivier to pursue claims regarding her speech, with Olivier filing Motion for Leave to File Amended Complaint to Add Party Plaintiff on September 22, 2022 (Olivier's Motion for Leave to File Amended Complaint to Add Party Plaintiff, Docket No. 3:21-cv-00636-HTW-LGI, Doc. 40 [Mot. to Add Siders], a true and correct copy attached to this Motion as Exhibit "A"; Proposed Verified Amended Complaint of Siders and Olivier, Docket No. 3:21-cv-00636-HTW-LGI, ECF No. 40-1, a true and correct copy attached as to this Motion as Exhibit "B").

6. The district court in *Olivier*, however, never ruled on the motion to add Siders as a plaintiff in that cause. After Olivier filed the motion for leave to add a party, on September 23, 2022, the court entered an order granting Brandon's motion for judgment on the pleadings or, alternatively, for summary judgment, dismissing the entirety of Olivier's claims without ruling, considering, or otherwise acknowledging the motion to add Siders as a party. *See Olivier v. City of Brandon*, No. 3:21-cv-00636-HTW-LGI, 2022 WL 15047414, at *12 (S.D. Miss. 2022), *aff'd*, 2023 WL 5500223 (5th Cir. 2023).

7. Olivier appealed the dismissal of his claims, to which a panel of the U.S. Court of Appeals for the Fifth Circuit affirmed. *See Olivier v. City of Brandon*, 2023 WL 5500223 (5th Cir. 2023). *En banc* consideration was sought by Olivier, but this request was denied.

8. Following the *en banc* denial, Olivier filed a petition for a writ of certiorari, and on July 3, 2025, the Supreme Court of the United States granted certiorari to review the district court's dismissal of Olivier's claims, concerning the *Heck v. Humphrey* doctrine. *See Olivier v. City of Brandon*, 2023 WL 5500223 (5th Cir. 2023), *cert. granted*, 2025 WL 1829163 (U.S. July 3, 2025) (No. 24-993).

9. Should the U.S. Supreme Court overrule the *Olivier* decision and reverse and remand the cause back to the district court for further consideration, Siders could soon be added as a party plaintiff in that cause.

10. The prospect of Siders maintaining two separate causes of action for the same claims would prompt consolidation. Also, the prospect of Olivier maintaining a similar cause of action relating to the same ordinance and event would merit consolidation of the two causes.

11. Due to the likelihood of the instant cause eventually consolidating with *Olivier*, a stay of the current proceedings is needed to preserve judicial resources.

12. Plaintiff's counsel contacted opposing counsel and advised of this motion, inquiring whether Defendant objected to the motion. Defendant posed no objection, responding that it takes no position on the motion.

In support of her Motion, Siders relies on the Memorandum in Support of this Motion and referenced exhibits filed simultaneously with this Motion.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff Spring Siders respectfully requests this Court grant her Motion to extend all deadlines and stay this case pending a decision by the Supreme Court of the United States in *Olivier v. City of Brandon*.

Respectfully submitted,

/s/ *Nathan W. Kellum*
NATHAN W. KELLUM
MS BAR # 8813; TN BAR #13482
FIRST LIBERTY INSTITUTE
699 Oakleaf Office Lane, Suite 107
Memphis, TN 38117
(901) 684-5485
nkellum@firstliberty.org


WILLIAM G. BELL, *pro hac vice*
TX BAR # 24132656
FIRST LIBERTY INSTITUTE
2001 W. Plano Pkwy, Suite 1600
Plano, TX 75075
(972) 941-4444
gbell@firstliberty.org
Attorneys for Plaintiff Spring Siders

## CERTIFICATE OF SERVICE

On July 8, 2025, the foregoing document was filed electronically with the Clerk of the Court by using the CM/ECF system, and that a copy of the foregoing will be sent electronically to all counsel of record by operation of the Court's CM/ECF system.

                                                      /s/ *Nathan W. Kellum*
                                                      Attorney for Plaintiff Spring Siders