UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| SPRING SIDERS,<br><br>    Plaintiff,<br><br>vs.<br><br>CITY OF BRANDON, MISSISSIPPI,<br><br>    Defendant. | CIVIL ACTION NO:<br>3:22-CV-00614-DPJ-ASH<br><br>**MEMORANDUM IN SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION TO EXTEND DEADLINES AND STAY CASE** |

Plaintiff Spring Siders ("Siders") brings her Unopposed Motion to Extend Deadlines and Stay Case in light of the recent decision by the United States Supreme Court to hear *Olivier v. City of Brandon*, 2023 WL 5500223 (5th Cir. 2023), *cert. granted*, 2025 WL 1829163 (U.S. July 3, 2025) (No. 24-993). Waiting on a ruling from the Supreme Court in *Olivier* before proceeding in this matter should save judicial resources.

**PERTINENT FACTS AND PROCEDURAL HISTORY**

*Application of Brandon Ordinance § 50-45 to the Speech of Olivier as well as Siders*

On May 1, 2021, Siders, along with Gabe Olivier ("Olivier"), and a few other friends, went to Quarry Park in Brandon, Mississippi to share the merits of the Christian faith outside of a Lee Brice concert held at the Brandon Amphitheater. (Pl.'s Compl. [Siders' Compl.] ¶¶ 31–33, ECF No. 1). They intended to stand on the public sidewalks in the park on both sides of Boyce Thompson Drive near its intersection with Rock Way, the main entryway to the amphitheater, to share their message with pedestrians walking by. (Siders' Compl. ¶¶ 23–24). Olivier and others brought signs, including an abortion sign, and a hand-held amplification device for preaching.

(Siders' Compl. ¶ 34). They also wore expressive clothing with scriptural messages. (Siders' Compl. ¶ 34). Siders brought gospel tracts, as well as a hand-held evangelistic sign reading "Prepare to meet thy God" and a banner stating "repent or perish," to conduct her type of speech. (Siders' Compl. ¶ 35).

As soon as Siders and Olivier parked in the lot adjacent to the area where they intended to evangelize that day, they were immediately approached by City of Brandon Police Chief William Thompson ("Chief Thompson"), who noticed their materials and informed them that they would have to conduct their religious activity in a designated area pursuant to Brandon Code of Ordinance § 50-45, entitled "Designating a protest area and related provisions regarding public protests/demonstrations during events at the Brandon Amphitheater." ("§ 50-45"). (Siders' Compl. ¶¶ 36–40). When Olivier, Siders, and the others arrived at the designated zone specified by Chief Thompson, they noticed it was a remote, relatively small, marked off box measuring approximately 29-feet x 15.9-feet, located between Boyce Thompson Drive and Parking Lot A, and labeled a "protest" area. (Siders' Compl. ¶¶ 53–54). This box was approximately 265 feet away from the intersection with Rock Way, sabotaging their ability to reach individuals moving in pedestrian traffic patterns. (Siders' Compl. ¶¶ 50–51, 55). They also noted severe limitations on speech within the box. (Siders' Compl. ¶¶ 54, 56–61). Desiring a place where they could adequately convey their message, Siders relocated to the public sidewalk on the south side of Boyce Thompson Drive near the intersection with Rock Way, while Olivier relocated to the public sidewalk on the north side of Boyce Thompson Drive near Rock Way. (Siders' Compl. ¶¶ 65–66).

However, a Brandon police officer approached and informed them that they had to go back to the protest area. (Siders' Compl. ¶¶ 67, 70). Convinced that they had the right to share religious views on that sidewalk, Siders continued to hold her hand-held sign and pass out her gospel

literature on one side of the street, while Olivier and others continued to preach through amplification and hold up a banner on their side. (Siders' Compl. ¶ 74).

Shortly thereafter, Chief Thompson approached the group and threatened to arrest all of them if they did not leave. (Siders' Compl. ¶¶ 80, 88). By this time, Siders had walked over from the south side of the street to the north side to join Olivier and the others and to hear from Chief Thompson. (Siders' Compl. ¶ 91). Not wanting to get arrested, Siders left when threatened. (Siders' Compl. ¶ 92). Olivier, though, questioned the legality of Chief Thompson's threats and the City of Brandon's enforcement of § 50-45 (Siders' Compl. ¶¶ 82, 84, 86, 89). He was arrested and escorted to the Brandon police station where he was processed and released on his own recognizance. (Siders' Compl. ¶¶ 93; Proposed Verified Amended Complaint of Siders and Olivier, Docket No. 3:21-cv-00636-HTW-LGI, ECF No. 40-1, attached to Motion to Extend Deadlines and Stay Case [MS] as Exhibit [Ex.] B, ¶¶ 117–120)

### *Olivier Brings Action Against Brandon*

Olivier filed a complaint against the City of Brandon, Mississippi ("Brandon") in the United States District Court for the Southern District of Mississippi, together with a Motion for Preliminary Injunction, on October 6, 2021, alleging constitutional violations relating to the ordinance and its application to his speech. (Pl.'s Compl., *Olivier v. City of Brandon*, No. 3:21-cv-00636-HTW-LGI (S.D. Miss. Oct. 6, 2021), ECF No. 1). Brandon subsequently filed a Motion for Judgement on the Pleadings or, Alternatively, for Summary Judgement on December 10, 2021 (Mot. J. on the Pleadings, or Alternatively, Mot. Summ. J., *Olivier v. City of Brandon*, No. 3:21-cv-00636-HTW-LGI (S.D. Miss. Dec. 10, 2021), ECF No. 25), urging, among other arguments, dismissal under the doctrine set out in *Heck v. Humphrey*.

3

### *Siders Attempts to Join Olivier's Cause of Action Against Brandon as a Plaintiff*

Siders, having also suffered a constitutional injury from Brandon's enforcement of § 50-45, sought to join Olivier's cause of action to bring claims regarding her particular speech. Toward this end, on September 22, 2022, Olivier filed a Motion for Leave to File Amended Complaint to Add Party Plaintiff (Olivier's Motion for Leave to File Amended Complaint to Add Party Plaintiff, Docket No. 3:21-cv-00636-HTW-LGI, ECF No. 40, attached to MS as Ex. A, ¶¶ 5–6). Yet, on September 23, 2022, the district court entered an order granting Brandon's motion and dismissing the case with prejudice under *Heck v. Humphrey*, without ruling on or acknowledging Olivier's motion to amend the complaint to add Siders as a plaintiff. *See Olivier v. City of Brandon*, No. 3:21-cv-00636-HTW-LGI, 2022 WL 15047414, at *12 (S.D. Miss. 2022), *aff'd*, 2023 WL 5500223 (5th Cir. 2023). To date, this motion is still pending before the district court.

### *Siders Brings Separate Action Against Brandon After District Court Declines to Rule on Motion to Amend Complaint to Add Siders as Plaintiff*

Due to the lack of a ruling on Olivier's motion to amend to add Siders as a plaintiff, Siders filed a separate lawsuit on October 19, 2022, currently pending before this Court, alleging a violation of her constitutional rights, bringing claims similar but different from Olivier's, relating to the application of the ordinance to her speech and religious exercise concerning evangelistic conversation, prayer, literature distribution, and sign-holding. (Sider's Compl. ¶¶ 1–2).

### *Olivier Pursues Appellate Process and the U.S. Supreme Court Grants Review of Dismissal*

Olivier appealed the dismissal of his claims. A panel for the U.S. Court of Appeals for the Fifth Circuit affirmed this ruling. *See Olivier v. City of Brandon*, 2023 WL 5500223 (5th Cir. 2023). Olivier then sought *en banc* consideration of the panel decision, but this request was denied. Following, Olivier filed a petition for a writ of certiorari to the U.S. Supreme Court, and on July 3, 2025, the Supreme Court granted certiorari to review application of *Heck v. Humphrey* and the

dismissal of Olivier's claims, in *Olivier v. City of Brandon*. *See* 2023 WL 5500223 (5th Cir. 2023), *cert. granted*, 2025 WL 1829163 (U.S. July 3, 2025) (No. 24-993).

## ARGUMENT

If the Supreme Court rules in favor of Olivier, the case will be remanded to the district court with a pending motion to add Siders as a party plaintiff, which, if granted, would lead to a consolidation of *Olivier* with this case. Also, the similarity between Olivier's and Siders' claims could prompt consolidation of the two causes.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). Therefore, a district court has "discretionary power to stay proceedings before it in the control of its docket and in the interests of justice." *McKnight v. Blanchard*, 667 F.2d 477 (5th Cir. 1982). Interest of justice favors a stay in this matter until the U.S. Supreme Court renders a decision in *Olivier*.

Stays are warranted when they can avoid "unnecessary duplication of judicial machinery." *Dillard v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 961 F.2d 1148, 1159 (5th Cir. 1992) (citation omitted). Given the Supreme Court's recent grant of certiorari in *Olivier*, as well as the pending motion before the district court to add Siders as a plaintiff, a stay of proceedings in the present case would be a prudent exercise of this Court's discretion as means to avoid "unnecessary duplication of judicial machinery." If *Olivier* is reversed and remanded by the Supreme Court, the district court must necessarily rule on the motion to add Siders as a plaintiff, which would prompt consolidation of *Olivier* with the case before this Court. The similarity between the two cases should lead to consolidation in any event.

Due to the distinct possibility that *Olivier* and this case are consolidated, the most efficient expenditure of this Court's time and efforts would be to grant this Unopposed Motion to Extend Deadlines and Stay Case until the Supreme Court issues its decision in *Olivier*. The alternative risks wasting valuable resources of the Court.

        Respectfully submitted,

/s/ *Nathan W. Kellum*
NATHAN W. KELLUM
MS BAR # 8813; TN BAR #13482
FIRST LIBERTY INSTITUTE
699 Oakleaf Office Lane, Suite 107
Memphis, TN 38117
(901) 684-5485
nkellum@firstliberty.org

WILLIAM G. BELL, *pro hac vice*
TX BAR # 24132656
FIRST LIBERTY INSTITUTE
2001 W. Plano Pkwy, Suite 1600
Plano, TX 75075
(972) 941-4444
gbell@firstliberty.org

Attorneys for Plaintiff Spring Siders

## CERTIFICATE OF SERVICE

On July 8, 2025, the foregoing document was filed electronically with the Clerk of the Court by using the CM/ECF system, and that a copy of the foregoing will be sent electronically to all counsel of record by operation of the Court's CM/ECF system.

                                              /s/ *Nathan W. Kellum*
                                              Attorney for Plaintiff Spring Siders